FILED
United States Court of Appeals
Tenth Circuit

February 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REUBEN JULIUS INGRAM III,

  Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director,

  Respondent - Appellee.

No. 16-6297
(D.C. No. 5:16-CV-00316-D)
(W.D. Oklahoma)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE** and **McHUGH**, Circuit Judges.[**]
_____

Reuben Julius Ingram III, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C.

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Neil Gorsuch was assigned to this matter originally but did not participate in this Order. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. *See* 28 U.S.C. § 46(d); *United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997); *Murray v. Nat'l Broad. Co.*, 35 F.3d 45, 48 (2nd Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995) (remaining two judges of original three-judge panel may decide petition for rehearing without the third judge).

§ 2254 application. Mr. Ingram also requests leave to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss the appeal.

## I.    BACKGROUND

Following a jury trial in 2014, Mr. Ingram was convicted of trafficking in illegal drugs and received a thirty-year sentence. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Mr. Ingram's sentence and conviction on direct appeal. {ROA 62-65} Mr. Ingram then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, asserting the same five claims of error he raised on direct appeal. The district court referred the petition to a magistrate judge, who recommended denial of all claims in a thorough fifteen-page report and recommendation (R&R).

The magistrate warned Mr. Ingram that failure to object to the R&R would result in waiver of appellate review. {ROA 276} Mr. Ingram timely objected to the R&R, {ROA 277-79} but the district court, liberally construing Mr. Ingram's arguments, found he raised arguments regarding only his second claim (ineffective assistance of counsel) and fifth claim (cumulative error). {ROA 284} Accordingly, under our firm waiver rule, the district court concluded Mr. Ingram waived further review of his other claims. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Mr. Ingram does not challenge this ruling on appeal.

---

[1] Because Mr. Ingram is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

The district court proceeded with a de novo review of the two remaining claims and adopted the R&R in its entirety. {ROA 285} The court then denied a COA after concluding jurists of reason could not disagree with its denial of the petition. {ROA 285-86} And the court denied Mr. Ingram's application to proceed *in forma pauperis* on appeal after determining an appeal would not be taken in good faith, as Mr. Ingram had not presented a reasoned, nonfrivolous argument for appeal. *See, e.g.*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Mr. Ingram appeals the district court's denial of his petition, asserting the same five claims of error asserted below and on direct appeal.

## II.    ANALYSIS

To appeal the district court's denial of habeas relief, Mr. Ingram must first obtain a COA,[2] which we will grant "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Mr. Ingram must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, Mr. Ingram must show the district court's resolution of his constitutional claims was either "debatable or wrong." *Id.*

---

[2] We construe Mr. Ingram's "Petition for Federal Writ of Habeas Corpus" as his combined opening brief and COA. Although his petition does not include an express request for a COA, his notice of appeal may be construed as a request for a COA. *See* Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A).

Because Mr. Ingram has waived review of his first, third, and fourth claims of error, we review only his ineffective assistance of counsel and cumulative error claims.

## A.  *Ineffective Assistance of Counsel*

Mr. Ingram contends the district court's decision was contrary to clearly established federal law because the court "ignored the holding of *Strickland*" in concluding his trial counsel was not deficient and that Mr. Ingram could not show prejudice. {Pet. Br. 7} In order to demonstrate a violation of his Sixth Amendment right to the effective assistance of counsel, Mr. Ingram must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In applying *Strickland*, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id*. at 697.

Mr. Ingram claims his trial counsel was ineffective for failing to object to the admission of telephone conversations that were recorded while Mr. Ingram was incarcerated for a prior offense. These recordings allowed the police to obtain a search warrant of his girlfriend's home, where the police found drugs and evidence linking Mr. Ingram to the drugs. Mr. Ingram asserts that "[w]ithout the phone calls, the state would have had absolutely no evidence connecting [Mr. Ingram] to the house or the drugs seized." {Pet. Br. 7}

In order for the admission of these calls to have violated Mr. Ingram's Fourth Amendment rights and thus sustain a claim that counsel was ineffective for not objecting to the admission of the calls, Mr. Ingram must show he had a reasonable expectation of

4

privacy. *See United States v. Maestas*, 639 F.3d 1032, 1035 (10th Cir. 2011) ("A defendant invoking the protection of the Fourth Amendment must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." (internal quotation marks omitted)). The district court reasoned Mr. Ingram had no reasonable expectation of privacy in these calls because (1) he was in custody, and (2) he had been warned at the beginning of each conversation, both orally and in writing, that his calls would be recorded. {ROA 271} Thus, the district court concluded Mr. Ingram did not show his trial counsel was deficient or that he was prejudiced by the failure to object "because any such motion would have been meritless." {ROA 271} In addition, Mr. Ingram's counsel stated at trial that he made the decision not to challenge the search warrant because of the statements Mr. Ingram made during the phone conversations.[3] {ROA 271 n.2}

We conclude that Mr. Ingram has not presented any arguments that the district court's denial of his petition was "debatable or wrong." Although Mr. Ingram may be correct that the state would not have found the drugs and other evidence it did without his phone calls, he has not shown any illegality in the admission of the phone calls or the evidence obtained from the search warrant.

---

[3] "[W]e give considerable deference to an attorney's strategic decisions," *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002), and a defendant cannot show the denial of a constitutional right where counsel has chosen as a matter of professional judgment not to press even nonfrivolous arguments, *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991). Where it would have been meritless for Mr. Ingram's counsel to object to the admission of these legally obtained phone conversations, no reasonable jurist could conclude the failure to object constitutes ineffective assistance of counsel.

### *B. Cumulative Error*

Mr. Ingram next asserts the district court erred in concluding he simply reargued the merits of his cumulative error claim without addressing our standard of review under 28 U.S.C. § 2254(d). He also claims the court ignored *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974), which he cited in his direct appeal and below. Mr. Ingram argues that trial errors, combined with prosecutorial misconduct, rendered his trial fundamentally unfair and violated due process. {Pet. Br. 16}

The district court in analyzing this claim found "no errors of a constitutional magnitude." {ROA 275} The court noted Mr. Ingram pointed to one statement made by the prosecutor in closing argument, but Mr. Ingram did not tie this statement to the violation of a specific constitutional right. {*Id.*} The court concluded the "prosecutor's statement properly commented upon evidence that had been presented to the jury," {*Id.*} and the court correctly stated that habeas relief is only available if prosecutorial misconduct "is so egregious that it renders the entire trial fundamentally unfair." *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998) (citing *Donnelly*, 416 U.S. at 642–48).

Mr. Ingram has failed to show that reasonable jurists could debate the district court's denial of this claim. He has not pointed to any error, let alone multiple errors, that rendered his trial fundamentally unfair. *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) (holding "[c]umulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors"). Therefore, we deny Mr. Ingram's application for a COA on this claim.

### III.    CONCLUSION

Mr. Ingram has not made a substantial showing of the denial of a constitutional right. We therefore DENY his request for a COA and DISMISS the appeal. And because we agree with the district court that this appeal was not taken in good faith, we DENY Mr. Ingram's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge